Rhoads *v.* Margoshes et al., Appellants.

Argued November 12, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Chas. W. Eaby,* for appellants.—The charge of the trial judge was inadequate and calculated to mislead the jury: Richards v. Willard, 176 Pa. 203; Tietz v. Traction Co., 169 Pa. 524; Hutchinson v. Little Four Oil Co., 275 Pa. 380; Guhl v. Frank, 22 Superior Ct. 531; Draude v. Wolstenholme, 89 Pa. Superior Ct. 428.

*K. L. Shirk,* and with him *H. G. Ripple,* for appellee. —The charge was not inadequate, misleading or erroneous: Dunham v. Haggerty, 110 Pa. 560; McGrann v. Railroad Company, 111 Pa. 171; Tustin v. Philadelphia Company, 250 Pa. 425; Gillett v. Cab Company, 87 Pa. Superior Ct. 365; Schlosstein v. Bernstein, 293 Pa. 245.

OPINION BY GAWTHROP, J., December 18, 1929:

The defendants have appealed from a judgment entered on a verdict for the plaintiff in a suit for percentage of net profits which they agreed to pay him as part of his wages. They denied any liability and at the trial testified that on February 28, 1925, when the plaintiff left their employment they exhibited to him a written statement, showing that the amount of the profits due him was $210.18, and gave him that sum, and that he gave them a receipt in the following form: "March 2, 1925. Received of Harvey Herr and Nathan Margoshes, for the Lanc. Pipe Mount Co., two hundred ten and 18/100 dollars in full settlement and without any further claim for the past or in the future upon the Lancaster Pipe Mount Co. of 44 W. Liberty St., Lancaster, Pa." The plaintiff denied that the statement showing the profits was exhibited to him. He admitted the execution and delivery of the receipt, but denied that the words, "In full settlement and without any further claim for the past or in the future upon the Lancaster Pipe Mount Co. of 44 W. Liberty St., Lancaster, Pa.," were on it when he signed it and delivered it to the defendants. Whether the receipt was altered after it was signed by the plaintiff was one of the principal issues presented to the jury. The sole question raised on this appeal is whether the issues were adequately presented to the jury in the charge of the trial judge. The only instruction as to the legal effect of a receipt in full was as follows: "The law is that a receipt is prima facie evidence of payment. When parties have a difference, and it is compromised, and a receipt is given, it is conclusive. If, however, the account to be paid is not in question, and by reason of some act of deceit or inducement which is false, a party is constrained to sign a receipt for the whole amount, when only a part is paid, then the receipt is open to explanation at the

instance of the party who signs it." Manifestly the reference to the effect of an act of deceit or false inducement practiced before or at the time of the signing and delivery of a receipt was inapplicable to the case, as the receipt was not attacked on that ground. But we are not convinced that the portion of the charge quoted was not quite as favorable to the defendants as they were entitled to receive.

After a recapitulation of the evidence the judge said at the end of his charge: "Now, these are practically the facts as they have been presented to you by the parties, and you must determine the questions at issue. If you find that there was a certain amount due as profits to him on the day of this alleged settlement, and he did not get it, but only a portion of it, then you may render a verdict for such an amount as you shall ascertain to be yet due. If, on the contrary, you find that a statement was made up and the profits ascertained between them, that he received that amount and gave his receipt, and that that was in full for all the moneys due him at that time, then your verdict should be in favor of the defendants." The clear effect of this was to submit to the jury the question of the amount of the profits which, under the evidence, were due to the plaintiff under his contract on the day the receipt was signed, and to permit them to render a verdict for him in that amount, unless, with a statement before him showing his share of the profits to be $210.18, he received that amount and gave the defendants a receipt in full for all the moneys due him from the defendants at that time. Upon full consideration, we are not persuaded that this instruction was prejudicial to the defendants. We have given careful consideration to the argument presented by their able counsel in their behalf, but it has failed to convince us that the record contains reversible error.

The judgment is affirmed.